980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Odell SMITH, Petitioner-Appellant,
v.
Jack MORGAN, Warden, Respondent-Appellee.
 No. 91-6320.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ROSENN, Senior Circuit Judge.*
 
 ORDER
 
 1
 Odell Smith, pro se, appeals the district court's order dismissing his petition for a writ of habeas corpus which he filed under 28 U.S.C. § 2254. By order dated October 3, 1991, the district court granted a certificate of probable cause in this matter.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1978, a jury found Smith guilty of third degree burglary, robbery with a deadly weapon, receiving stolen property and habitual criminality. Based on a receiving stolen property charge, Smith later pled guilty to a second charge of habitual criminality. He was sentenced to serve two concurrent life sentences for the habitual criminality convictions. These habitual criminality counts were based upon six prior felony convictions to which Smith had pled guilty, including five counts of grand larceny and one count of third degree burglary.
 
 
 4
 After filing three post-conviction petitions in state court, Smith filed the petition for habeas relief now before this court. On appeal, Smith presents the following four questions for review: 1) whether petitioner's claims should be reviewed under a fundamental miscarriage of justice standard by the federal court; 2) whether the petitioner has waived his constitutional right to challenge the validity of his prior convictions by failing to raise such grounds in previously filed petitions for post-conviction relief; 3) whether petitioner's prior guilty pleas, upon which his habitual criminal convictions were based, were involuntary because the trial judge did not advise petitioner of his right against self-incrimination; and 4) whether petitioner was denied the effective assistance of counsel because counsel failed to assert the unconstitutionality of the Habitual Criminal Statute.
 
 
 5
 A writ of habeas corpus may issue to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of a petitioner. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). The Supreme Court has defined the category of infractions that violate "fundamental fairness" very narrowly. Dowling v. United States, 493 U.S. 342, 352 (1990).
 
 
 6
 In regard to the first ground presented in his petition, the district court correctly found that any future post-conviction petition would be barred by Tennessee's three year statute of limitations applicable to post-conviction petitions in that state. See Tenn.Code Ann. § 40-30-102. Therefore, Smith is required to show cause for his failure to present this ground in state court and actual prejudice to his case, therefrom. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 7
 Looking to the last "reasoned" state judgment rejecting the federal claims presented, pursuant to Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991), we conclude that the issues raised by Smith enumerated as two, three, and four in his federal habeas petition have been waived for failure to assert them in a previous state petition for post-conviction relief. Tenn.Code Ann. § 40-30-112. The state court provided an independent and adequate state ground for rejection of those claims, so the cause and prejudice standard of review is also applicable to these claims. Harris v. Reed, 489 U.S. 255, 262-63 and 264 n. 10 (1989); County Court of Ulster County, New York v. Allen, 442 U.S. 140, 148 (1979).
 
 
 8
 In support of his argument that he has presented just cause to excuse his failure to present his claims in state court, Smith points to ineffective assistance of counsel. However, the Supreme Court has held that attorney inadvertence or error is not sufficient "cause" to excuse procedural default under state law unless it is shown that counsel was constitutionally ineffective under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Coleman, 111 S.Ct. at 2566. In Coleman, the Supreme Court held that this burden cannot be met in habeas cases or state cases for post-conviction relief, because there is no constitutional right to an attorney in state post-conviction proceedings. Therefore, in such proceedings, the petitioner must "bear the risk of attorney error that results in a procedural default." Coleman, 111 S.Ct. at 2556. Smith has presented no other reasons for failure to present his claims in prior post-conviction petitions in state court. Moreover, Smith has not alleged or shown that he was actually innocent of any of the underlying convictions to which he pled guilty or that any of his counsel's alleged errors at trial worked to Smith's actual and substantial disadvantage, infecting his entire trial with "error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).
 
 
 9
 The record shows that no fundamental miscarriage of justice has occurred in Smith's state proceedings. Accordingly, the district court's order dismissing Smith's petition for habeas relief is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Max Rosenn, Senior Circuit Judge, U.S. Court of Appeals for the Third Circuit, sitting by designation